J-S67029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :              PENNSYLVANIA
                                     :
             v.                         :
                                     :
                                     :
JOHN E. MINNICK                    :
                                     :
             Appellant              :    No. 3852 EDA 2017

Appeal from the PCRA Order November 7, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009788-2008

BEFORE: OTT, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED JANUARY 17, 2019**

Appellant John E. Minnick appeals *pro se* from the order dismissing his third petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant claims that the PCRA court erred in dismissing his PCRA petition as untimely because he met the governmental interference and newly discovered evidence exceptions.[1] We affirm.

The PCRA court summarized the history of this case as follows:

[Appellant] was tried before th[e trial c]ourt and a jury in the early fall of 2009 and at the conclusion of the trial the jury found [Appellant] guilty of third-degree murder and certain weapons offenses. These charges arose out of an incident that occurred on January 20, 2008, during which [Appellant] and an accomplice fired numerous shots at Eduardo Tubens[,] killing him. Two witnesses identified [Appellant] as one of the persons firing guns

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 9545(b)(1)(i) and (ii), respectively.

the night of the incident. On April 8, 2010, [Appellant] received an aggregate sentence of twenty to forty years' incarceration. [Appellant] later appealed and on July 22, 2011, the Superior Court affirmed the judgment of sentence. *Commonwealth v. Minnick*, 32 A.3d 279 (Pa. Super. 2011) [(unpublished mem.)]. [Appellant] thereafter sought re-argument before the Superior Court. The request was denied. [Appellant] did not file a petition for allowance of appeal.

On October 24, 2011, [Appellant] filed his first *pro se* [PCRA petition]. Counsel was appointed to represent [Appellant]. However, on July 9, 2012, [Appellant] was granted permission to represent himself following a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), with respect to his PCRA petition. On March 18, 2013, after [Appellant] was sent a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, th[e PCRA c]ourt denied [Appellant] PCRA relief without a hearing. [Appellant] thereafter filed a notice of appeal. On March 14, 2014, the Superior Court affirmed th[e PCRA c]ourt's order denying [Appellant] post-conviction collateral relief. (950 EDA 2013). [Appellant] did not file a petition for allowance of appeal.

On July 14, 2014, [Appellant] filed a second PCRA petition. In that petition, [Appellant] sought relief based on newly discovered evidence. According to [Appellant], he recently found a witness who is willing to testify that she saw him inside the bar where the incident occurred as the shots that purportedly killed the victim herein were being fired outside the bar.

Following th[e PCRA c]ourt's review of the petition and the service upon [Appellant] of a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, th[e PCRA c]ourt denied [Appellant]'s request for collateral relief on July 30, 2015, without a hearing after concluding that [Appellant]'s most recent PCRA petition had been untimely filed. [Appellant] filed an appeal from that order and on May 19, 2016, the Superior Court affirmed the order dismissing [Appellant]'s PCRA petition. (2516 EDA 201[5]). [Appellant] filed a petition for allowance of appeal and on November 2, 2016, the Supreme Court issued a *per curiam* order denying the petition. (290 EAL 2016).

- 2 -

On July 25, 2017,[2] [Appellant] filed a third PCRA petition predicated on newly discovered evidence. In it[,] he claimed that he found another witness who was willing to testify that he was inside the bar when the shooting herein occurred outside the bar. The witness, Mr. Keyon Boyd, who is currently serving a sentence of life imprisonment, signed an affidavit on July 11, 2017, wherein he stated that he saw [Appellant] in the prison on May 23, 2017, at which time [Appellant], who [Boyd] knew from his neighborhood, showed him some paperwork with his (Boyd's) name on it. Upon seeing his name on the paperwork, Boyd recalled speaking to the police about the incident and advising them that he had been inside the bar when the shooting occurred and that at the time, [Appellant] was also inside the bar. Upon carefully reviewing [Appellant]'s filing th[e PCRA c]ourt determined that [Appellant] did not timely file his third PCRA petition because he failed to file his petition within sixty days of the date he learned that Boyd possessed information helpful to his case. The [c]ourt further determined that even had he filed his petition within sixty days[,] no relief was due [to] him because he failed to prove that he exercised due diligence and, therefore, that none of the exceptions to the one-year filing deadline of the PCRA excused the late filing of his petition. Consequently, th[e PCRA c]ourt sent [Appellant] a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, to which [Appellant] filed a response. Upon reviewing [Appellant]'s response in conjunction with the entire record, th[e PCRA c]ourt determined that [Appellant]'s petition had been untimely filed. Consequently, on November 7, 2017, th[e PCRA c]ourt issued an order dismissing [Appellant]'s petition.

PCRA Ct. Op., 11/29/17, at 1-3 (footnotes omitted).

---

[2] Appellant has provided a cash slip indicating that he delivered the instant PCRA petition into the prison authorities' hands on July 21, 2017. *See* ***Commonwealth v. Chambers***, 35 A.3d 34, 38, 40 (Pa. Super. 2011) ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." (citation omitted)); stating that "a cash slip 'may be sufficient to establish that an appeal was delivered to prison officials or deposited in the prison mailbox within the . . . filing period'" (citation omitted)).

On November 22, 2017, the PCRA court docketed Appellant's timely notice of appeal. The PCRA court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b) statement.

The PCRA court, however, filed a Pa.R.A.P. 1925(a) opinion, concluding that

> [Appellant] failed to establish that he exercised due diligence. Although he spoke to Boyd on May 23, 2017, Boyd's affidavit indicates that [Appellant] showed him paperwork with Boyd's name on it, which triggered his recollection of the incident and his discussion with the police. By failing to identify the paper[]work he showed Keyon Boyd or state when he obtained the paperwork in which Boyd's name appeared, [Appellant] did not meet his burden of proving that he acted with due diligence because [Appellant] did not establish when he learned of Boyd's alleged involvement in the case. This was fatal to his claim because, as noted above, a defendant seeking to establish that the late filing of a PCRA petition must establish that he exercised due diligence. Due diligence demands that a petitioner take reasonable steps to protect his own interests. **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 781 A.2d 94, 98 ([Pa.] 2001). Here, [Appellant] utterly failed in this vital endeavor, so even had he timely filed his most recent PCRA petition, he still would not have been entitled to relief.

PCRA Ct. Op. at 6-7.

Appellant raises the following questions on appeal, which we have reordered as follows:

1. Did the [PCRA] court err when denying the Appellant a new trial for the Commonwealth withholding exculpatory evidence from the defense?

2. Did the [PCRA] court err when dismissing Appellant's *pro se* PCRA petition as "untimely" without considering the date in which Appellant learned of the newly discovered evidence as

- 4 -

the Appellant has met the exception for newly discovered evidence under 42 Pa.C.S. § 9545(b)(1)(ii)?

3. Did the [PCRA] court err when dismissing Appellant's *pro se* PCRA as "untimely" without first conducting a factual []evidentiary hearing where the pleadings raised contained material issues of fact?

Appellant's Brief at 6 (full capitalization omitted).

We address Appellant's first two claims together, as they both assert error in the PCRA court's conclusion that Appellant's petition was untimely filed. Appellant essentially argues that he could not have learned of Boyd's statement before May 23, 2017 because of governmental interference. *Id.* at 35. He claims that Boyd had given a statement to the police indicating that Boyd saw Appellant inside the establishment at the time of the shooting, while the shooting occurred outside. *Id.* Appellant contends that he was unaware that Boyd was interviewed or provided a statement to police and that the Commonwealth did not disclose Boyd's statement in discovery. *Id.* at 36. Appellant, therefore, asserts that the Commonwealth withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 37.

Appellant also argues that he met the newly discovered facts exception because he learned of this information—Boyd's statement—on May 23, 2017. *Id.* at 23. Appellant maintains that Boyd provided an affidavit on July 11, 2017 and that Appellant then gave his PCRA petition to prison authorities for mailing on July 21, 2017. *Id.* at 23-24.

With respect to due diligence, Appellant claims that when Boyd arrived at the prison, Appellant "inquire[d] about the night of this incident[,]" and

- 5 -

Boyd disclosed the "new facts" to him. *Id.* at 25. He further contends that he had seen Boyd's signature, but when he asked trial counsel about it, trial counsel indicated to him that it was not worth pursuing. *Id.* at 30.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citation omitted).

It is well-settled that "the timeliness of a PCRA petition is a jurisdictional [pre-]requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." *Id.* A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* (citing 42 Pa.C.S. § 9545(b)(3)).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).[3]

The Pennsylvania Supreme Court has noted that

[a]lthough a **Brady** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. Section 9545(b)(1)(ii)'s exception requires the facts upon which the **Brady** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. In [**Commonwealth v. Bennett**, 930 A.2d 1264, 1271 (Pa. 2007)], we clarified that § 9454(b)(1)(ii)'s exception does not contain the same requirements as a **Brady** claim, noting "we made clear the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence."

**Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (citations omitted).

Instantly, there is no dispute that Appellant failed to file the instant PCRA petition within one year of his conviction becoming final. Moreover, the record supports the PCRA court's conclusions that Appellant could have learned of these facts earlier with the exercise of due diligence. **See** PCRA Ct. Op at 6-7. Appellant acknowledges that Boyd's signature was in Appellant's

---

[3] Moreover, a petition invoking any one of the exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

file and that he knew of Boyd's existence as he asked trial counsel about Boyd. *See* Appellant's Brief at 30. Further, Appellant and Boyd knew each other "from the neighborhood." *See* Boyd's Aff., 7/11/17; *see also* Appellant's Brief at 18. Accordingly, Appellant failed to explain why he could not have contacted Boyd earlier to investigate his case and learn about Boyd's alleged exculpatory statement.

Therefore, we agree with the PCRA court that Appellant has not established why he could not have raised these exceptions earlier with the exercise of due diligence. *See Abu-Jamal*, 941 A.2d at 1268. Accordingly, the PCRA court properly concluded that it lacked jurisdiction to consider the merits of Appellant's claims. *See Brown*, 111 A.3d at 175.

Lastly, Appellant claims that the PCRA court failed to hold an evidentiary hearing "to hear and evaluate the facts set before them to determine the veracity or credibility of [the new] information." Appellant's Brief at 20. He claims that he "asserted material issues of fact and should have been awarded the opportunity at a factual hearing to assert his claims." *Id.* at 21.

Generally, "a PCRA court must hold a hearing when a PCRA petition raises any issues of material fact." *Commonwealth v. Marshall*, 947 A.2d 714, 723 (Pa. 2008) (citation omitted); *see also* Pa.R.Crim.P. 907(1). However, "a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further

- 8 -

proceedings." ***Commonwealth v. Burton***, 158 A.3d 618, 622 n.4 (Pa. 2017) (citations omitted).

Instantly, because Appellant failed to raise any genuine issue of fact that his petition was timely filed, the PCRA court lacked jurisdiction to consider his claims. Accordingly, the court did not err in dismissing Appellant's petition without an evidentiary hearing. ***See Marshall***, 947 A.2d at 723.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/17/19